EASTERN DIS.
July, 1841.

VAUGHAN
vs,
WESTERN
MARINE & FIRE
INSURANCE CO.
combined with various other ingredients and condiments a new article of food is produced by the culinary art, believed to be an agreeable compound.

---

## VAUGHAN vs, WESTERN MARINE AND FIRE INSURANCE COMPANY,

### APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

The fact of the property of the insured, being purchased by his son at a sale made by the master of the damaged cargo, is not sufficient to prove that the purchase was made on account of his father, or in any manner to affect the validity of the sale.

This is an action on a policy of insurance taken out of the office of the defendants, and which it is alleged covers the loss on 25 hogsheads of tobacco, estimated at $1500; which was shipped with other tobacco on the flat-boat called the Lady

Marshall, James Saunders, master; and which was sunk in Green river, by one of the perils insured against; abandoned to the underwriters as a total loss, and sold in its damaged state, by the master for account of all concerned; and it was purchased by the plaintiff's son.

EASTERN DIS.
*July*, 1841.

VAUGHAN
*vs.*
WESTERN
MARINE & FIRE
INSURANCE CO.

The defence is, the plea of the general issue; and that the proceedings in selling the tobacco are illegal, the sale pretended and that the plaintiff has no cause of action.

There was a verdict and judgment for the amount claimed and the defendants appealed.

*Peyton & Jones*, for the plaintiff and appellee.

*Maybin & Grymes*, for the appellants.

*Morphy, J.* delivered the opinion of the court.

The circumstances of this case are the same as those of Robertson & Brummell against the same defendants, decided this day; *ante* 267. The plaintiff's claim for a total loss is under the same policy and for tobacco shipped on board of the same flat-boat. The evidence is therefore precisely the same in relation to the accident which occasioned the loss and the subsequent disposition of the tobacco. The only difference between the two cases is, that in the present the plaintiff did not buy in his tobacco. It appears from the evidence that plaintiff was not present at the sale; was residing at a distance of about seventy miles from the spot where the sale took place and did not in any way, before or after the sale, interfere with or exercise any control over the tobacco. It was purchased by Wm. H. Vaughan, a son of the plaintiff, who was a tobacco trader residing in Green county. In the absence of any other circumstance the jury were perhaps of opinion, and we cannot say they erred, that the mere fact of the close connection subsisting between the plaintiff and the purchaser was insufficient to prove that the purchase was made for the account of the former.

The judgment of the commercial court is therefore affirmed with costs.